## CAUDILL *v.* THARP.

Under the statute of 1842, regulating practice in the district courts, &c., a plaintiff was authorized to commence suit in the county in which he resided, if the cause of action accrued, or was to be performed there, and have process issued to the county in which the defendant resided.

It appearing by the declaration and copy of the note sued on, that at the date of the contract, the plaintiff was a resident of the county in which suit was commenced, it will be presumed, *prima facie*, that he resided there at the institution and determination of the cause.

Caudill *v.* Tharp.

The defendant having been served with process, had his day in court, and should have appeared and objected to the jurisdiction of the court; having neglected to do so, it will be presumed that the court properly exercised jurisdiction.

ERROR, *to Henry District Court.*

*David Rorer,* for the plaintiff in error.

*Henry W. Starr,* for the defendant.

*Opinion by* WILLIAMS, C. J. Elihu M. Tharp, the plaintiff below, sued by action of assumpsit, in the district court of Henry county, to recover from James Caudill, surviving partner of Hiram V. Smith, the amount due upon a promissory note. The writ of summons was issued, in obedience to the terms of the precipe filed by the plaintiff's attorney; and directed to the sheriff of Lee county. The sheriff made return of the writ to the district court of Henry county, showing service on the defendant, Caudill, in Lee county. There being no appearance at the term of the court to which the writ was returnable, on part of the defendant, judgment was entered by default for the plaintiff.

The cause is here, at the instance of the defendant below, on the following assignment of errors:

1. The court rendering the judgment had no jurisdiction of the cause, when they rendered the judgment.

2. The judgment was taken by default, and without any legal service of the writ.

3. The whole proceedings were *coram non judice.*

4. The writ was directed to, and served in the wrong county, and there was no appearance by defendant.

The errors assigned put in question the jurisdiction of the court below, as to the matter involved in this action at the time of the rendering of the judgment in this cause. The objection presented is predicated by the agreement of counsel for the plaintiff in error, upon the record, which, by the precipe, writ of summons, and the return of the sheriff, shows

the fact, that defendant, at the time of the institution of the suit, was not a resident of Henry county, and that he lived in Lee county. The writ of summons was issued on the twenty-first day of November, 1842; was served on the twenty-fifth, and return thereof made by the sheriff's deputy of Lee county on the twenty-eighth of the same month. The act of the general assembly of Iowa, entitled "An act defining the jurisdiction of the supreme and district courts," approved February 10, 1842, provides that "The district courts shall be held in each county; and the judges thereof shall have jurisdiction over all matters and suits at common law, and in chancery, arising in each county, in their respective districts; when the debt or demand shall exceed fifty dollars; and in all cases of appeal or *certiorari* from a justice of the peace, judge of probate, or the board of county commissioners, a plaintiff shall not sue a defendant out of the county where he resides, or where he may be found, unless the debt, contract, or cause of action occurred in the county where the plaintiff resides, or the contract was specifically made payable, or to be performed therein, when it shall be lawful to sue in such county, and process may issue to the sheriff of the county where the defendant resides." Iowa Stat. of 1842, p. 35.

In the proceeding complained of here, does the record show that the plaintiff below is justified by the provision of the statute? The declaration and the copy of the note which is the foundation of the action, allege and show that the contract was made in Henry county. Nothing appears here to this court to contradict the legal presumption that the plaintiff, (having been in Henry county at the time of making the contract,) still resided there at the time of the issuing of the summons and rendition of the judgment. The statute does not require that the plaintiff before instituting his suit shall show by affidavit or otherwise that he resides in the county within which he commences his suit, and that the contract was payable or occurred there. The plaintiff is allowed thus to sue in the two instances : when "the debt, contract or cause of action occurred in the county where he resides," or when "the

contract was made specifically payable, or to be performed there," to sue in such county, and have process issued to the county where the defendant resides. There being nothing requiring the plaintiff to do so, we consider there is enough apparent of record here to warrant this court in presuming the continuance of his residence in Henry county. This presumption is raised and sufficiently sustained by the fact above alluded to, the making of the note in Henry county. Further, it does not appear that he resided at the time of the proceedings elsewhere. The defendant was aware of the prosecution of the suit—he had his day in court. Having neglected to appear and object to the jurisdiction of that court, with the record evidence of the facts touching the matter complained of before us, together with the legal presumption that what the court below did in adjudicating the facts of the case, was legally done, unless the contrary is properly shown, is sufficient to prevent this court from interfering so as to reverse the judgment.

The other errors assigned, being all founded upon the same facts presented by the first, and depending upon the same legal principles above considered, it is not necessary to examine them.

Judgment affirmed.